|   |   |
|---|---|
| JOSEPH STELLA, | Case No. 13-cv-1303-L(WVG) |
| Plaintiff, | **ORDER REMANDING ACTION TO STATE COURT** |
| v. |  |
| THE HERTZ CORPORATION, |  |
| Defendant. |  |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

On November 29, 2012, Plaintiff Joseph Stella commenced this class action against their employer, Defendant The Hertz Corporation, in the Alameda Superior Court. Plaintiff asserts five causes of action arising out of her employment with Defendant. On January 4, 2013, Defendant filed a notice of removal, removing this action to federal district court in the Northern District of California. The notice of removal is based on diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. The Northern District subsequently transferred this action to this Court.

For the following reasons, the Court finds that Defendant's Notice of Removal is facially deficient and **REMANDS** this action to the Alameda Superior Court.

//

//

1  I.      LEGAL STANDARD

2         "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of
3  Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a
4  statute, which is not to be expanded by judicial decree." *Id.* (internal citations omitted). "It is to
5  be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the
6  contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted); *see also*
7  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006).

8         Consistent with the limited jurisdiction of federal courts, the removal statute is strictly
9  construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992);
10 *see also Sygenta Crop Prot. v. Henson*, 537 U.S. 28, 32 (2002); *O'Halloran v. University of
11 Wash.*, 856 F.2d 1375, 1380 (9th Cir. 1988). "The strong presumption against removal
12 jurisdiction means that the defendant always has the burden of establishing that removal is
13 proper." *Gaus*, 980 F.2d at 566; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d
14 709, 712 n.3 (9th Cir. 1990); *O'Halloran*, 856 F.2d at 1380. "Federal jurisdiction must be
15 rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at
16 566.

17        Although there has not been a request to remand, it is well-established that "a district
18 court's duty to establish subject matter jurisdiction is not contingent upon the parties'
19 arguments." *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th
20 Cir. 2004). Courts may consider the issue *sua sponte*. *Demery v. Kupperman*, 735 F.2d 1139,
21 1149 n.8 (9th Cir. 1984). Indeed, the Supreme Court has emphasized that "district courts have
22 an 'independent obligation to address subject-matter jurisdiction *sua sponte*.'" *Grupo Dataflux v.
23 Atlas Global Grp., L.P.*, 541 U.S. 567, 593 (2004) (quoting *United States v. S. Cal. Edison Co.*,
24 300 F. Supp. 2d 964, 972 (E.D. Cal. 2004)).

25

26 II.    ANALYSIS

27        The Class Action Fairness Act ("CAFA") applies to "class actions," which the statute
28 specifically defines as "any civil action filed under Rule 23 of the Federal Rules of Civil

Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). "As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir. 2007) (citing 28 U.S.C. § 1332(d)(5)). "Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Id.* at 1020-21 (citing 28 U.S.C. § 1332(d)(2)).

After a plaintiff files an action in state court, the defendant must allege and bear the burden of proof that the amount in controversy exceeds $5,000,000. *See Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Mere conclusory allegations are insufficient. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). The defendant must set forth, in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds $5,000,000. *See Abrego Abrego*, 443 F.3d at 689.

Here, Plaintiff alleges that there are "more than 2,000 current and former employees in the Class." (Compl. ¶ 10.) That satisfies the threshold matter requiring that the class action include an aggregate number of members of all proposed plaintiff classes be 100 or more persons. *See* 28 U.S.C. § 1332(d)(5). Thus, CAFA applies to this action. *See id.* However, Defendant fails to address whether the amount in controversy satisfies the CAFA's $5,000,000 jurisdictional threshold. *See* 28 U.S.C. § 1332(d)(2). Rather, Defendant only addresses the $75,000 jurisdictional limit that does not apply here. (*See* Removal Notice ¶¶ 12–22.) Therefore, Defendant fails to provide any explanation whatsoever to justify finding that it has satisfied the $5,000,000 amount-in-controversy requirement under CAFA.

//

//

### III. CONCLUSION & ORDER

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The facts presented here in the notice of removal do not meet the burden of establishing removal jurisdiction. Therefore, the Court **REMANDS** this action to the Alameda Superior Court.

**IT IS SO ORDERED**.

DATED: June 5, 2013

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM V. GALLO
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL